UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 916 |
| | ) | |
| ROLAND BORRASI and | ) | Hon. William J. Hibbler |
| WENDY MAMOON | ) | |

**GOVERNMENT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the additional attached proposed jury instructions.

                                                    Respectfully submitted,
                                                    PATRICK J. FITZGERALD
                                                    United States Attorney

                                By:    /s/ Lisa M. Noller
                                        LISA M. NOLLER
                                        JOEL M. HAMMERMAN
                                        Assistant United States Attorneys
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 353-5300

Dated: June 22, 2009

You have heard evidence of acts of the defendant Roland Borassi other than those charged in the indictment. These include defendant Borrasi's solicitation of Dr. Amer and some of the acts discussed in the recorded conversations admitted into evidence, namely alleged payments from nursing homes, Loretto Hospital, Methodist Hospital, Public Aid and other sources, other than Rock Creek. You may consider this evidence only on the question of defendant Borrasi's knowledge, intent, preparation, plan and absence of mistake or accident. You should consider this evidence only for this limited purpose.

You have heard evidence of acts of the defendant Wendy Mamoon other than those charged in the indictment, namely, the solicitation of Dr. Amer and Mamoon's payments to marketers Earl Burl, Michael Griffin and Tyson Everett. You may consider this evidence only on the question of defendant Mamoon's knowledge, intent, preparation, plan and absence of mistake or accident. You should consider this evidence only for this limited purpose.

GOVERNMENT INSTRUCTION NO.11 (revised)

Seventh Circuit Committee (1999) 3.04

You have heard recordings of conversations among defendant Roland Borassi, Abhin Singla, Zafir Jawich and Bruce Roper. You are to consider the statements of Drs. Singla, Jawich and Roper on the recordings not for the truth of the matters asserted, but for the limited purpose of providing context to defendant Borassi's statements, and, as you see fit, for what effect the statements may have had on defendant Borassi.

GOVERNMENT INSTRUCTION NO. 18 (revised)

*United States v. Davis*, 890 F.2d 1373, 1380 (7th Cir. 1989)
*United States v. Mandel*, 08 CR 997 (Hibbler, J.)

The recorded conversations admitted into evidence and played at trial contain certain necessary deletions. These deletions were done with the knowledge of all the parties to the case and they were proper and legal. You need not be concerned about the legal basis for these deletions and the reasons for the deletions. You should consider the recordings played in court and disregard the fact that they have been subjected to additions and deletions in determining the guilt or innocence of any of the defendants in this case.

GOVERNMENT INSTRUCTION NO. 18A

*United States v. Craig*, 573 F.2d 455, 481 n.29 (7th Cir. 1977)
*United States v. Pipito*, 861 F.2d 1006, 1011 (7th Cir. 1987)