UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | No. 06 CR 916 |
| vs.  ) | Honorable William J. Hibbler |
| ) | |
| ROLAND BORRASI,  ) | |
| ) | |
| Defendant.  ) | |

**DEFENDANT BORASSI'S SUPPLEMENTAL
<u>JURY INSTRUCTION SUBMISSION</u>**

**EDWARD M. GENSON**
**GENSON & GILLESPIE**
**53 W. Jackson Blvd.**
**Suite 1420**
**Chicago, IL 60604**
**(312) 726-9015**

**DENNIS GIOVANNINI**
**GIOVANNINI & OLSHANSKY**
**216 South Jefferson Street**
**Suite 101**
**Chicago, IL 60661**
**(312) 902-3344**

Any amount paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of items or services covered by a Federal health care program does not constitute illegal remuneration.

The government must prove beyond a reasonable doubt that any amounts were not paid pursuant to a bona fide employment relationship between an employer and employee for the furnishing of items or services covered by a Federal health care program.

If you find, from your consideration of all the evidence, that the government has not proved this proposition, then you should find the defendant not guilty of the count under consideration.

Defendant Borassi Instruction # 18

42 U.S.C. § 1320a-7b(b)(3)(B)

*United States v. Choiniere*, 517 F.3d 967, 972 (7th Cir. 2008) (instruction that employer/employee relationship did not violate § 1320a-7b(b) was a "correct statement of the law," but was inapplicable because the indictment did not charge such conduct) See also *United States v. Shaw,* 106 F.Supp.2d 103 (D. Mass. 2000) (discussing § 1320a-7b's "discount exception" in the context of defendant's pretrial motion to dismiss)

To find that "remuneration" has been knowingly and willfully solicited, received, offered or paid, the government must prove beyond a reasonable doubt that the primary purpose for the remuneration was the referral of patients to a Federal health care program.

Defendant Borassi Instruction # 19

See O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions*, § 70.06 (5th ed.)

*United States v. Bay State Ambulance & Hospital Rental Service, Inc.*, 874 F.2d 20 (1st Cir. 1989) (district court gave "primary purpose" instruction)

But see *United States v. Greber*, 760 F.2d 68 (3rd Cir. 1985) (adopting "one purpose" test)

*United States v. McClatchey*, 217 F.3d 823 (10th Cir. 2000) (agreeing with *Greber*)

*United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989) (adding materiality requirement to *Greber* test)

**CERTIFICATE OF SERVICE**

      I, EDWARD M. GENSON, an attorney for Defendant Roland Borrasi hereby certify that on this, the 22nd day of June, 2009, I filed the above-described document on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constitutes service of the same.

                                        /s/ Edward M. Genson

EDWARD M. GENSON
GENSON & GILLESPIE
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 726-9015