UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 916 |
| | ) | |
| ROLAND BORRASI and | ) | Hon. William J. Hibbler |
| WENDY MAMOON | ) | |

## JURY INSTRUCTIONS PRESENTED TO THE JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-        the witness's intelligence;

-        the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-        the witness's memory;

-        any interest, bias, or prejudice the witness may have;

-        the manner of the witness while testifying; and

-        the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge defendant Wendy Mamoon's testimony in the same way that you judge the testimony of any other witness.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

7

It is proper for an attorney to interview any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

The indictment in this case is the formal method of accusing the defendants of offenses and placing them on trial.  It is not evidence against the defendants and does not create any inference of guilt.

Defendants Roland Borrasi and Wendy Mamoon are charged in the indictment with one count of conspiring to offer and pay bribes and to solicit and receive bribes.  Defendant Roland Borrasi is also charged with six counts of soliciting and receiving bribes, and defendant Wendy Mamoon is charged with six counts of offering and paying bribes.

The defendants have pleaded not guilty to the charges.

The defendants are presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that either or both of the defendants is guilty as charged. The government has the burden of proving the guilt of the defendants beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendants are never required to prove their innocence or to produce any evidence at all.

A defendant has an absolute right not to testify.  The fact that a defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have heard evidence of acts of the defendant Roland Borrasi other than those charged in the indictment.  You may consider this evidence only on the question of defendant Borrasi's knowledge, intent, preparation, plan and absence of mistake or accident.  You should consider this evidence only for this limited purpose.

You have heard evidence of acts of the defendant Wendy Mamoon other than those charged in the indictment.  You may consider this evidence only on the question of defendant Mamoon's knowledge, intent, preparation, plan and absence of mistake or accident.  You should consider this evidence only for this limited purpose.

You have heard evidence that before the trial a witness made statements that may be inconsistent with the witness' testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement only in deciding the truthfulness and accuracy of that witness' testimony in this trial. You may not use it as evidence of the truth of the matters contained in that prior statement.

You have heard evidence that Jeanine Eckhardt, Mahmood Baig and Robert Revels have been convicted of crimes. You may consider this evidence only in deciding if their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard testimony from Mahmood Baig, who pleaded guilty to an offense arising out of the same occurrence for which the defendants are now on trial.  His guilty plea is not to be considered as evidence against the defendants.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

Certain summaries are in evidence. Their accuracy has been challenged by the defendants. If you determine the summaries are accurate, then you should consider them together with and in the same way as all other evidence in the case.

You have heard recorded conversations. Those recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned. You may consider the actions of a person, facial expressions and lip movements that you can observe on disc to help you to determine what was actually said and who said it.

I am providing you with the recordings and a computer with instructions on how to play the recordings. You are not required to play the recordings, in part or in whole. You may rely, instead, on your recollections of these recordings as you heard them at trial. If you do decide to listen to or watch a recording and wish to have the transcript corresponding to that recording, ask the Courtroom Security Officer in writing and the transcript will be provided to you. You may choose to listen to or watch the recording without the transcript.

18

You have heard recordings of conversations among defendant Roland Borrasi, Abhin Singla, Zafir Jawich and Bruce Roper.  You are to consider the statements of Drs. Singla, Jawich and Roper on the recordings not for the truth of the matters asserted, but for the limited purpose of providing context to defendant Borrasi's statements, and, as you see fit, for what effect the statements may have had on defendant Borrasi.

The recorded conversations admitted into evidence and played at trial were a compilation of a series of conversations and contain certain necessary deletions.  These deletions were proper and legal.  You need not be concerned about the legal basis for these deletions.  You should consider the recordings played in court and disregard the fact that they have been subjected to deletions.  You should disregard any deletions and the reasons therefor in determining your verdicts in this case.

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that a defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

When the phrase "willfully" is used in these instructions, it means the act was committed voluntarily and purposely, with the specific intent to do something the law forbids, that is with a bad purpose, either to disobey or disregard the law.  To find that a defendant acted willfully, you must find that he or she knew what he or she was doing was illegal.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to the dates alleged but is not required to prove that the alleged offenses happened on those exact dates.

Count One of the indictment charges the defendants with conspiring to solicit and receive bribes. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain the charge of conspiracy in Count One, the government must prove:

First, that the conspiracy as charged in Count One existed;

Second, as to each defendant, that he or she knowingly became a member of the conspiracy with an intention to further the conspiracy; and,

Third, an overt act was committed by at least one conspirator in furtherance of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to either defendant, then you should find that defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to either defendant, then you should find that defendant not guilty at to Count One.

A conspiracy may be established even if its purpose was not accomplished. It is not necessary that all the overt acts charged in the indictment be proved, and the overt act proved may itself be a lawful act.

To be a member of the conspiracy, a defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that a defendant was aware of the common purpose and was a willing participant.

24

In order to find that an overt act was committed by at least one conspirator in furtherance of the conspiracy, you must find that the overt act was committed after January 16, 2002.

A defendant's association with conspirators is not by itself sufficient to prove his/her participation or membership in a conspiracy.

Counts Three, Five, Seven, Nine, Eleven and Thirteen of the indictment charge defendant Roland Borrasi with soliciting and receiving bribes.  To sustain the charge in Counts Three, Five, Seven, Nine, Eleven and Thirteen, the government must prove the following propositions:

First, that defendant Roland Borrasi knowingly and wilfully solicited or received remuneration, directly or indirectly, overtly or covertly;

Second, that in return, defendant Borrasi referred individuals to a person or entity for furnishing or arranging the furnishing of services; and,

Third, that payment for the individuals' services was made in whole or in part under a Federal health care program.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular Count, then you should find defendant Roland Borrasi guilty as to that Count.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt as to a particular Count, then you should find defendant Roland Borrasi not guilty of that Count.

27

Counts Two, Four, Six, Eight, Ten and Twelve of the indictment charge defendant Wendy Mamoon with offering and paying bribes. To sustain the charge in Counts Two, Four, Six, Eight, Ten and Twelve, the government must prove the following propositions:

First, that defendant Wendy Mamoon knowingly and wilfully offered or paid remuneration, directly or indirectly, overtly or covertly;

Second, that in return, defendant Borrasi referred individuals to a person or entity for furnishing or arranging the furnishing of services; and

Third, that payment for the individuals' services was made in whole or in part under a Federal health care program.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular Count, then you should find defendant Wendy Mamoon guilty as to that Count.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt as to a particular Count, then you should find defendant Wendy Mamoon not guilty of that Count.

"Remuneration" means any kickback, bribe, or payment for patient referrals, in cash or in kind.

Any amount paid by an employer to an employee who has a bona fide employment relationship with such employer for employment in the provision of items or services is legal. However, kickbacks, bribes or payments for patient referrals, in cash or in kind, are illegal.

The government must prove beyond a reasonable doubt that any amounts were not paid pursuant to a bona fide employment relationship between an employer and employee for the furnishing of items or services covered by a Federal health care program.

If you find, from your consideration of all the evidence, that the government has not proved this proposition, then you should find the defendant not guilty of the count under consideration.

Good faith on the part of a defendant is inconsistent with willfulness.  The burden is not on a defendant to prove his/her good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted willfully.

The term "Federal health care program" means any plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense.  That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

If a defendant knowingly caused the acts or omissions of another, a defendant is responsible for those acts as though he or she personally committed them.

33

An offense may be committed by more than one person.  A defendant's guilt may be established without proof that a defendant personally performed every act constituting the crime charged.

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant. Each defendant is entitled to have his or her case decided on the evidence and the law that applies to that defendant.

In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses, disguises, subterfuges and employ informants or other investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation.

Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter into your deliberations in any way.

You should not speculate why any other person whose name you may have heard during the trial or who is named in the indictment is not currently on trial before you.

If you find a defendant guilty, it will then be my job to decide what punishment should be imposed.  In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

Each count of the indictment charges a defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson.  The foreperson will then preside over your deliberations and act as your spokesperson here in court.  A form of verdict has been prepared for you.

[Form of verdict read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror.  Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts.  Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 916 |
| | ) | |
| ROLAND Borrasi and | ) | Hon. William J. Hibbler |
| WENDY MAMOON | ) | |

## **VERDICT FORM**

We, the jury, find:

On **Count One** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐
    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Two** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Three** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

On **Count Four** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Five** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

On **Count Six** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Seven** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

On **Count Eight** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Nine** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

On **Count Ten** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Eleven** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

On **Count Twelve** of the Indictment:

    Wendy Mamoon    Guilty ☐        Not Guilty ☐

On **Count Thirteen** of the Indictment:

    Roland Borrasi    Guilty ☐        Not Guilty ☐

_____      _____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

DATED:_____