IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | ) |
| vs. | ) |
| WENDY MAMOON | ) |
| | ) |
| | ) Case No. 06 CR 916-3 |
| | ) |
| | ) Hon. William J. Hibbler |

## RULING ON DEFENDANT MAMOON'S MOTIONS FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL

Defendant Wendy Mamoon by and through her attorney, Andrew Ittleman, has filed the above entitled motions after jury verdicts of guilty were returned against her in this case which arose out of an illegal patients-for-payment scheme. The United States of America by its attorney, Patrick Fitzgerald, United States Attorney for the Northern District of Illinois, through his assistants Joel Hammerman and Lisa Noller has responded thereto. On 10/19/09, the defense filed its reply brief completing the briefing process. After reviewing and considering all issues raised in the post trial filings, the Court denies both motions for the reasons stated below.

### *FACTUAL BACKGROUND*

The evidence elicited at trial supports the following factual assertions. Wendy Mamoon began working for Rock Creek, a licensed chronic care psychiatric hospital in September of 1993. By 1997, she had advanced to become CEO of that institution. Ms. Mamoon's educational background, a BA in International Relations and limited experience as a bookkeeper in the long term care field prior to joining Rock Creek aside, her CEO duties included strategic planning, growth and development, community relations and marketing. She worked closely with and carried out policy decisions after consulting with Dr. James Reibel and Roger Barth. Dr. Reibel, a licensed psychiatrist, was the owner of Rock Creek and attorney Barth was both his personal attorney and general counsel for Rock Creek.

Whenever decisions were made regarding patient referrals by Dr. Borrasi, Ms. Mamoon would consult with one or both of them prior to approving requested changes. Ms. Mamoon acknowledged that she was aware that payments for patient referrals were illegal.

## I. Motion for New Trial

A court is empowered to grant a motion for new trial whenever the interests of justice so requires. It is, however, well settled law that such motions are not favored, are granted sparingly and are within the sound discretion of the trial court. In order to prevail on such a motion, a defendant must demonstrate that he/she was substantially prejudiced during the trial and that the prejudice resulted in a miscarriage of justice. Ms. Mamoon bases her request for a new trial upon her contention that her privately retained counsel, Thomas McQueen, provided ineffective assistance to her during his representation of her.

In support of her ineffectiveness claim, Ms. Mamoon first raises the issue of her trial counsel's failure to call three witnesses (James Reibel, Roger Barth and Kathleen Stratton) during her trial. As to Reibel and Barth the defense concedes in its motion that trial counsel considered and decided against calling these witnesses after concluding that they would be of no benefit to his client's case. Perhaps his fear in calling them was borne out of a desire to distance his client from these individuals who were clearly implicated in the scheme by much of the evidence. Whatever the reason, the record fully supports the fact that trial counsel carefully and professionally considered the alternatives and choose a strategy which did not include calling these witnesses.

The defense also finds fault with trial counsel's decision not to call attorney Kathleen Stratton, one of Rock Creek's outside counsels. There were three primary areas of concern raised by this witness' testimony. First there were potential relevance issues because she was not employed at Rock Creek during the alleged conspiracy. Secondly, her basis of knowledge as to her testimony touching upon the conspiracy would be subject to hearsay objections. Thirdly, there is some reason to believe that a motion based upon her attorney-client relationship with Rock Creek may have limited her testimony. Based upon the limited nature of any testimony counsel may have been able to elicit from this witness, his decision not to call her is not indicative of ineffectiveness.

After reviewing counsel's decision to not call these three witnesses and applying the standards set forth in Strickland, 466 U.S. 668, the Court finds his actions in no way support a contention of ineffectiveness.

Although the defense sets forth a litany of other witnesses the defense could have interviewed and called as witnesses at trial, none of the anticipated testimony was individually or collectively such that it was reasonably probable that upon receipt of the evidence the jury would have acquitted defendant. Assuming the accuracy of defense counsel's synopsis of the additional witnesses testimony, it provides no direct or critical evidence likely to impact the jury's verdicts. Because this trial resulted in guilty verdicts the defendant now finds fault with strategic decisions made during her representation. Unfortunately, for her a bad result does not equate to ineffective assistance.

Defendant Mamoon describing her motion for new trial as intensive requests that this Court grant an evidentiary hearing on that motion. Based upon the extensive opportunity given the parties by the Court to fully brief all relevant issues and taking into account the thoroughness of those submissions, the Court denies the request for an evidentiary hearing. To rehash orally the many contentions raised in the filing would be of no benefit to the Court in resolving this motion. The defendant having failed to demonstrate that the interest of justice warrant a new trial in this case, that motion is hereby denied.

## II. Motion for Judgment of Acquittal

After viewing the evidence in the light most favorable to the Government, the Court finds that a rational trier-of-fact could find the essential elements of the crime of violation of the Anti-Kickback statute beyond a reasonable doubt. It was within the jury's province to make credibility determinations of all witnesses including Ms. Mamoon, to draw appropriate inferences from the evidence and to factor in such things as Ms. Mamoon's educational background as they saw fit. This Court declines the invitation presented in the defendant's motion to substitute the defenses evaluation of the evidence for that of the jury. Therefore in properly applying the Rule 29(c) standard, the Court hereby denied Mamoon's motion for Judgment of Acquittal.

Defendant Mamoon also adopts all issues raised by Dr. Borrasi in his post trial motions. The Court finds no basis presented in those motions to disturb the rulings on the instant motions. Therefore her motions remain denied.

ENTERED: _/s/ Wm. J. Hibbler_
Hon. William J. Hibbler
DATE: _11/2/09_